# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FERGERSON, | CASE NO.   1:10-cv-1142-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| P.L. VASQUEZ, et al., | (ECF No. 2) |
| Defendants. | RESPONSE DUE SEPTEMBER 8, 2010 |

Plaintiff Joshua Fergerson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 24, 2010, the Court issued an Order severing Plaintiff's claims from the initial lawsuit filed on behalf of himself and a number of other prisoners. (ECF No. 2.) Plaintiff was ordered to submit an amended complaint expressing only his claims and bearing his new case number within thirty days. (Id. at 3.) Plaintiff was also ordered to either pay the full filing fee or to submit an application to proceed in forma pauperis within thirty days. (Id.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

1  or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
2  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
3  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment
4  of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
5  for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
6  1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

More than thirty days have passed and Plaintiff has failed to submit an amended complaint, pay his filing fee or request to proceed in forma pauperis.  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE not later than **September 8, 2010** why his case should not be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

Dated:   August 17, 2010          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE